F I L E D
**United States Court of Appeals
Tenth Circuit**

**DEC 8 2004**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RANDALL TARLTON and
ELIZABETH TARLTON,
husband and wife,

      Plaintiffs-Appellants,

v.

CITY OF PERKINS, a political
subdivision of the State of Oklahoma;
JACK ROSSON, in his individual
capacity,

      Defendants-Appellees.

No. 03-6326
(D.C. No. CV-02-1458-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **HARTZ** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs-appellants Randall Tarlton and Elizabeth Tarlton, husband and wife, appeal the grant of summary judgment to defendants-appellees the City of Perkins, Oklahoma, and Jack Rosson, the City Manager of Perkins, Oklahoma, in his personal capacity. The Tarltons had alleged that they were dismissed from the volunteer police department of Perkins in violation of their First Amendment rights protected by 42 U.S.C. § 1983 because Elizabeth Tarlton had sent a series of letters to a local newspaper suggesting that the City was being run poorly. [1] Defendants explained that the Tarltons were instead dismissed from the volunteer police department because they had misused their official positions and had demonstrated poor judgment in several confrontations with members of the community. Defendant Rosson asserted qualified immunity from suit. We affirm the district court's order granting defendants summary judgment.

The district court found that, even when considered in the light most favorable to plaintiffs, under the *Pickering/Connick* test for government employees' speech, the Tarltons had failed to present relevant admissible evidence to establish that Elizabeth Tarlton's letters were "a substantial factor driving the challenged governmental action." *Tarlton v. City of Perkins, Okla.*, D.C. No. CIV-02-1458-T, Slip Op. at 8-10 (W.D. Okla. Nov. 4, 2003); *see also*

---

[1] Additionally, plaintiffs allege that they were discriminated against because they were members of the Fraternal Order of Police, but do not factually develop that basis for their lawsuit.

*Pickering v. Bd. of Educ.*, 391 U.S. 563, 572-75 (1968) (establishing a general balancing test to protect the free speech of governmental employees); *Connick v. Myers*, 461 U.S. 138, 144-47 (1983) (refining the balancing test). Plaintiffs had pointed to four statements to show a connection between Elizabeth Tarlton's letters and their dismissal from the police force. Those four statements were (1) that Elizabeth Tarlton had heard through other parties that the City Manager had been unhappy that she had written letters to the newspaper questioning how the City was being run; (2) that the City Manager had been short with her during a personal meeting in March or April of 2000; (3) that the City Manager was upset that plaintiffs had received copies of an internal investigative report regarding plaintiffs' verbal abuse of a minor; and (4) that plaintiffs were informed that they were fired from the volunteer police department because they had demonstrated poor judgment in confronting and verbally abusing members of the community.

But, of these four statements, the district court found that the first one was based on hearsay; the second one was far removed in time from the City's decision to dismiss the Tarltons from the volunteer police force; and the third and fourth statements demonstrated the City Manager's anger at the plaintiffs' misuse of their official positions in confronting members of the community, as opposed to any problem he might have had with Elizabeth Tarlton's letters to the newspaper. *Tarlton*, Slip Op. at 8-10. The district court accordingly granted

defendants' motion for summary judgment, it denied plaintiffs' cross-motion for summary judgment, and it upheld defendant Rosson's qualified immunity from suit.

We review decisions regarding summary judgment *de novo*, applying the same standard as the district court. *Hollingsworth v. Hill*, 110 F.3d 733, 737 (10th Cir. 1997). We view the evidence and any inferences therefrom in the light most favorable to the non-moving party, *J.B. v. Washington County*, 127 F.3d 919, 923 (10th Cir. 1997); and we will affirm a grant of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," *id.* (quoting Fed. R. Civ. P. 56(c)).

When summary judgment is founded on the defense of qualified immunity, we also review the matter under the framework set out in *Woodward v. City of Worland*, 977 F.2d 1392, 1396-97 (10th Cir. 1992). Plaintiff has the burden to establish both that the facts or allegations are sufficient to show a constitutional violation, and that the law was clearly established when the alleged violation occurred such that a reasonable official would have been on notice that his actions violated the law. *Id.* If there is no genuine dispute of material fact that would defeat a defendant's claim of qualified immunity, the defendant is entitled

-4-

to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Under the four-part *Pickering/Connick* test to protect the First Amendment speech rights of government employees, we consider (1) whether the speech in question involves a matter of public concern; (2) whether the employee's interest in expression outweighs the government employer's interest in regulating the speech of its employees to maintain an efficient and effective workplace; and (3) whether the employee has shown that the speech was "a substantial factor driving the challenged governmental action." *Jantzen v. Hawkins*, 188 F.3d 1247, 1257 (10th Cir. 1999). Only once plaintiff has satisfied those parts of the test, do we require an employer to show at the fourth step that it would have taken the same action against the employee in the absence of his protected speech. *Id.*; *accord Barker v. City of Del City*, 215 F.3d 1134, 1138-39 (10th Cir. 2000).

Upon *de novo* review, we conclude that plaintiffs have failed to carry their burden of proof at the third prong of the *Pickering*/*Connick* test. We agree with the district court that the statements plaintiffs attempted to admit were either inadmissible or irrelevant to their argument that the City had unconstitutionally discriminated against them on the basis of Elizabeth Tarlton's letters to the newspaper. We hold that plaintiffs have failed to establish disputed facts that the letters were "a substantial factor driving the challenged governmental action."

*Barker* , 215 F.3d at 1139.  Because plaintiffs have not established a constitutional violation, defendants are entitled to summary judgment.

We AFFIRM the judgment of the district court.


Entered for the Court


Timothy M. Tymkovich
Circuit Judge